IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ROYAL C. FARMS, LLC; and STEPHEN
CARTER, Individually and as Managing
Member of Royal C. Farms, LLC                                                           PLAINTIFFS

v.                                          Case No. 1:25-cv-1014

ENTERGY ARKANSAS, LLC; ECO, INC.;
and JOHN DOES 1-3                                                                       DEFENDANTS

## ORDER

Before the Court is Plaintiffs Royal C. Farms and Stephen Carter's Motion to Amend (ECF No. 12) and Motion to Remand (ECF No. 14). Defendant Entergy Arkansas, LLC ("Entergy") has responded. ECF No. 19. The Court finds the matters ripe for consideration.

## BACKGROUND

This action arises from damage allegedly caused by Defendants to a fruit and vegetable farm (the "Property") operated by Royal Farms, LLC in Ashley County, Arkansas. Royal Farms, LLC and Stephen Carter (collectively "Royal Farms") are citizens of Arkansas. On or about June 18, 2023, a severe storm system damaged power lines and related electrical infrastructure that ran over and across the Property. Entergy, Defendant ECO, Inc. ("ECO"), and the unnamed Defendants subsequently entered onto the Property to conduct repairs. The repair work resulted in damage to Royal Farms' crops and irrigations systems. The repair process also prevented Royal Farms from accessing the Property and engaging in activities necessary to grow and maintain its crops for a period of approximately eight days.

On February 7, 2025, Royal Farms filed its Complaint against Defendants in the Ashley County, Arkansas Circuit Court. ECF No. 3. Royal Farms alleges that Defendants were negligent

in conducting their repair work, resulting in Royal Farms suffering a net operating loss of $1,872,116.00 for 2023.  On March 5, 2025, Entergy removed this action to this Court pursuant to 28 U.S.C. § 1441(a).  ECF No. 2.  Entergy's Notice of Removal asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between Entergy and Royal Farms, and the amount in controversy clearly exceeds $75,000.  The Notice of Removal also asserts that ECO ceased to be a legally recognized entity in 2016, that it was fraudulently joined as a defendant, and that its citizenship has no bearing on subject matter jurisdiction.

On March 24, 2025, Royal Farms filed its Motion to Amend, which seeks to replace Defendant ECO with Steve Woodson, Inc.  ECF No. 12.  That same day, Royal Farms filed its Motion to Remand, which asserts that the requested amendment adding Steve Woodson, Inc. as a Defendant to replace ECO would destroy complete diversity between the parties and eliminate subject matter jurisdiction under § 1332, which would require remand to the State court.[1]  ECF No. 14.  Entergy responded in opposition, asserting that Royal Farms seeks to add the incorrect party as a Defendant and thus both motions should be denied.  ECF No. 19.

## DISCUSSION

In the Motion to Amend, Royal Farms argues that Steve Woodson, Inc. should replace ECO as a Defenant because Royal Farms simply misnamed the contractor that assisted Entergy in repairing the power lines on the Property.  ECF No. 13, p. 2-5.  Royal Farms notes that ECO merged with Steve Woodson, Inc. and thus transferred all of its rights and liabilities under

---

[1] Though Royal Farms does not explicitly state that Entergy is not a citizen of Arkansas, the instant motions presume that Entergy's citizenship does not destroy diversity of citizenship under § 1332(a).  Thus, the Court will proceed as if Entergy is not a citizen of Arkansas.  Further, Entergy's Notice of Removal states that it is "a citizen of Texas, Louisiana, and Delaware, and, on information and belief, of Minnesota, New York, Wisconsin, Pennsylvania, Connecticut, and California."  ECF No. 2, p. 3.

Arkansas law.  Royal Farms then contends that replacing ECO with Steve Woodson, Inc. will correct this misnomer and add the party Royal Farms intended to file suit against.  Royal Farms further contends that the replacement is appropriate even if it destroys diversity because it would be inequitable for Royal Farms to be required to bring a separate action in State court against Steve Woodson, Inc. when it is a joint tortfeasor in this action.  In the Motion to Remand, Royal Farms argues that the requested amendment adding Steve Woodson, Inc. as a defendant would destroy diversity and require remand to the Ashley County, Arkansas Circuit Court.  ECF No. 15, p. 2.  Royal Farms asserts that Steve Woodson, Inc. is an Arkansas corporation whose addition to this matter would eliminate complete diversity of citizenship between the parties and that remand must occur pursuant to § 1447(c).

Entergy opposes both motions, first arguing that Steve Woodson, Inc. is no longer a recognized entity and that the requested amendment would be futile.  ECF No. 19, p. 4-8.  Entergy initially notes that Steve Woodson, Inc. converted[2] into Woodson Tree, LLC in 2021.[3]  Entergy then states that Woodson Tree, LLC was the contractor that assisted in the storm repairs.  Entergy contends that this error in naming the correct party, which is apparent from public records, is sufficient alone to deny the requested amendment.  Further, Entergy contends that Woodson Tree, LLC's status as a limited liability company undermines Royal Farms' argument regarding diversity because the citizenship of a limited liability company is evaluated differently from the citizenship of a corporation.  Because Royal Farms has provided no information as to the citizenship of Woodson Tree, LLC, Entergy concludes that Royal Farms' request to remand would

---

[2] Arkansas law permits a corporation to convert into a different type of organization.  *See* Ark. Code Ann. § 4-26-1002.

[3] Entergy attaches the Articles of Organization creating Woodson Tree, LLC (ECF No. 19-3) and the Articles of Conversion converting Steve Woodson, Inc. into Woodson Tree, LLC (ECF No. 19-4).  Entergy also attaches its contract with Woodson Tree, LLC for the June 2023 storm restoration work.  ECF No. 19-5.

3

have to be denied even if it had named the appropriate defendant. Entergy also argues that Royal Farms' request to amend should be denied because joining parties that destroy diversity is generally not permitted and that the circumstances do not weigh in favor of Royal Farms' requested, albeit erroneous, amendment. ECF No. 19, p. 8-12. Entergy also requests that ECO be dismissed as a party under Federal Rule of Civil Procedure 21 because it is undisputed that ECO no longer exists.

District courts have original jurisdiction over actions in which the amount in controversy exceeds $75,000 and is between citizens of different States. 28 U.S.C. § 1332(a)(1). Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In a case removed to a district court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

A party is generally permitted to amend its pleading "once as a matter of course" within twenty-one days of service. Fed. R. Civ. P. 15(a)(1). That general rule does not apply if a plaintiff seeks to add a party who would eliminate diversity of citizenship because leave of court is necessary before such an amendment can be made. *See Coleman v. Little River Med. Ctr. Inc.*, 2021 WL 1181723, at * 1 (W.D. Ark. Mar. 3, 2021) (citations omitted). If a plaintiff seeks to add defendants who would destroy diversity after a case has been removed to a district court, "the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). When determining whether to permit a plaintiff to destroy diversity through such joinder, a court must balance "the defendant's interest in retaining the federal forum with the plaintiff's competing

interest in avoiding parallel federal and state litigation." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). Considerations for that determination include "whether the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has delayed in requesting amendment, whether the plaintiff will be significantly injured if amendment is refused, and any other factors bearing on the equities." *Id*. (citation omitted).

The Court finds that both motions must be denied. The considerations put forth in *Ryan* are unnecessary in these circumstances. First, Steve Woodson, Inc. appears to be the incorrect party for Royal Farms' claims, making the requested amendment inherently futile. *See U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557-58 (8th Cir. 2005) (noting that leave to amend may be denied if such amendment is futile) (citation omitted). The Arkansas Secretary of State records list Steve Woodson, Inc.'s status as "Converted."[4] The Articles of Conversion (ECF No. 19-4) provided by Entergy demonstrate that the corporation Steve Woodson, Inc. converted into the limited liability company Woodson Tree, LLC on May 21, 2021. The Arkansas Secretary of State records confirm that Woodson Tree, LLC was formed in May 2021 and has a status of "Good Standing."[5] This conversion clearly occurred prior to the June 2023 storm repairs on the Property. Entergy also admits that Woodson Tree, LLC is the appropriate party and has provided the contract (ECF No. 19-5) Entergy entered into with Woodson Tree, LLC for the storm damage repairs. Royal Farms has not sought leave to reply to dispute this. Therefore, Royal Farms' motion to amend will be denied for attempting to add the wrong party.

Consequently, Royal Farms' motion to remand predicated upon the requested amendment must also be denied. The motion to remand presumes that Steve Woodson, Inc.'s citizenship

---

[4] Search results for "Steve Woodson, Inc.", ARKANSAS SECRETARY OF STATE, https://www.ark.org/corp-search/index.php/corps (enter "Steve Woodson, Inc." into search bar for "Name").
[5] Search results for "Woodson Tree, LLC", ARKANSAS SECRETARY OF STATE, https://www.ark.org/corp-search/index.php/corps (enter "Woodson Tree, LLC" into search bar for "Name").

would govern the diversity analysis. Moreover, Royal Farms never provides information regarding the citizenship of the correct party, Woodson Tree, LLC. This failure is critical because the citizenship of a limited liability company is analyzed differently than that of a corporation for diversity jurisdiction purposes. *See Cleek v. Ameristar Casino Kansas City, LLC*, 47 F.4th 629, 634 (8th Cir. 2022).

Additionally, the Court finds it appropriate to dismiss ECO as a Defendant from this action. "A party has been fraudulently joined if there is 'no reasonable basis in fact and law' for the claim brought against it." *Murphy v. Aurora Loan Serv., LLC*, 699 F.3d 1027, 1031 (8th Cir. 2012) (quotation omitted). If a fraudulently joined party destroys diversity, a district court can dismiss that non-diverse party from the action and retain jurisdiction. *See id*. Further, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time[.]" *Graham v. Mentor Worldwide LLC*, 998 F.3d 800, 803 n.2 (8th Cir. 2021) (quotation omitted). Entergy provided the Articles of Merger for the June 2016 merger between ECO and Steve Woodson, Inc. ECF No. 2-2. Steve Woodson, Inc. was the surviving corporation under that merger. *See id*. The Arkansas Secretary of States lists ECO's status as "Merged."[6] Under Arkansas law, ECO ceased to exist as a separate entity after that merger. *See* Ark. Code. Ann. § 4-26-1010(a)(2). Also, both Royal Farms and Entergy agree that ECO is incorrectly named as a Defendant. Therefore, the Court will dismiss ECO from this action as a fraudulently joined party.

---

[6] Search results for "ECO, Inc.", ARKANSAS SECRETARY OF STATE, https://www.ark.org/corp-search/index.php/corps (enter "ECO, Inc." into search bar for "Name").

## CONCLUSION

For the reasons stated above, Royal Farms' Motion to Amend (ECF No. 12) and Motion to Remand (ECF No. 14) are hereby **DENIED**. Defendant ECO, Inc. is hereby **DISMISSED** from this action.

**IT IS SO ORDERED**, this 13th day of May, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge
